**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM SANTIAGO, # R23229,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-966-GPM** |
| | ) | |
| **C/O SEAVERS,** | ) | |
| **BURNETT,** | ) | |
| **AINDALL,** | ) | |
| **DR. FUENTES,** | ) | |
| **ILL. DEPT. OF CORRECTIONS,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **and LT. JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff William Santiago, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on delayed and inadequate medical care he received after falling in the shower.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## The Complaint

On November 20, 2011, Plaintiff Santiago fell while in the shower.  Other inmates in the shower shouted for help and after approximately five minutes C/O Seavers appeared at the shower room gate and radioed for assistance.  An unidentified lieutenant, "John Doe", and Medical Technician Burnett arrived about five minutes later.  Seavers, Burnett and Lt. John Doe did not enter the shower area; rather, they left Plaintiff on the floor and in pain for another 20

minutes until all of the other inmates finished showering.  Plaintiff had to get up unassisted, although he was offered a chair to sit in while another group of inmates entered the shower. Medical Technician Burnett examined Plaintiff, prescribed ibuprofen and indicated that an appointment for Plaintiff to see a physician would be scheduled for the following day.  Without any regard for Plaintiff's pain, Lt. John Doe ordered C/O Seavers to walk Plaintiff back to his cell, and for Plaintiff to be given a dinner tray.  Lt. John Doe did not order Seavers to file an incident report, and Seavers never did so.

Approximately 22 hours later, Plaintiff was finally taken to see Defendant Dr. Fuentes. She conducted only a superficial examination and refused Plaintiff's request for x-rays.  Dr. Fuentes diagnosed a muscle strain and prescribed cyclobenzaprine and ibuprofen for the pain and inflammation.  A week later, Plaintiff continued to experience pain and returned to see Dr. Fuentes.   X-rays were again refused, and a lower dose of ibuprofen was prescribed.

When he was still experiencing pain and swelling in his forearm, Plaintiff requested to see Dr. Fuentes.  On December 13, 2011, Plaintiff went to the Health Care Unit, but Medical Technician Aindall would not permit Plaintiff to see Dr. Fuentes until Plaintiff signed a payment voucher, which Plaintiff refused to sign.   Aindall noted in Plaintiff's medical records that Plaintiff had refused treatment.  Plaintiff indicates that he refused to sign the payment voucher to be assessed by a medical technician when he was there to see a *doctor*.  Plaintiff continues to suffer pain to this day.

The complaint also contains a detailed account of how his grievances and FOIA requests were stymied.  However, none of the Illinois Department of Corrections officials involved are named defendants.  (This information may have been conveyed relative to Plaintiff's assertion that administrative remedies were unavailable, relative to the exhaustion requirement.)

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into six counts (mirroring the complaint). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendants Seavers, Burnett and Lt. John Doe were deliberately indifferent to Plaintiff's serious medical needs when they left him lying on the shower floor in pain, in violation of the Eighth Amendment;**

**Count 2:** **Defendants Seavers and Lt. John Doe were deliberately indifferent to Plaintiff's serious medical needs when they failed to write incident reports documenting Plaintiff's fall;**

**Count 3:** **Defendant Dr. Fuentes was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment, and was negligent, by failing to provide proper medical care in a reasonable time;**

**Count 4:** **Defendant Aindall was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when she denied Plaintiff's request for medical care and instead demanded he sign a payment voucher;**

**Count 5:** **An unspecified claim against Defendants Dr. Fuentes, the Illinois Department of Corrections and Wexford Health Sources, Inc.; and**

**Count 6:** **Defendants Seavers, Burnett, Lt. John Doe, Aindall and Dr. Fuentes were negligent under Illinois law in their care for Plaintiff.**

## Discussion

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII; *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription

against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

As the Seventh Circuit recently reiterated, "[e]ven personnel who are not doctors are not permitted simply to ignore a detainee's plight, nor can they deliberately obstruct or delay a patient from receiving necessary treatment. *Smego v. Mitchell*, 723 F.3d 752, 757 (7th Cir. 2013) (internal citations omitted). However, a delay in providing medical attention to a non-life threatening condition may be deemed *de minis* and not actionable. The cumulative delay extrapolated from the complaint indicates that at least 40 minutes passed before Plaintiff was assessed; all the while he was left down on the shower floor, while the prison officials remained outside the gated shower area. The Court cannot determine at this juncture whether the delay is actionable and whether there was deliberate indifference; the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment—as the situation appeared at the time, not in hindsight. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007).

Count 1 states a colorable Eighth Amendment claim against Defendants Seavers, Burnett and Lt. John Doe relative to the situation in the shower. Therefore, Count 1 shall proceed.

## **Count 2**

Count 2 presents another Eighth Amendment claim, premised upon Defendants Seavers and Lt. John Doe's failure to ensure that an incident report was written regarding Plaintiff's fall in the shower. There are no allegations and no reason to think that an incident report had any

impact upon Plaintiff's medical care.  At best, Seavers and Doe were negligent in their duties, and a defendant can never be held liable under Section 1983 for negligence.  *Daniels v. Williams,* 474 U.S. 327, 328 (1986).

For these reasons, Count 2 will be dismissed with prejudice, as it fails to state a constitutional claim.

## Count 3

Count 3 against Dr. Fuentes stems from how Plaintiff was treated in the Health Care Unit.  Dr. Fuentes allegedly only gave Plaintiff a cursory examination, she repeatedly refused to order x-rays, and she did not provide Plaintiff with adequate pain relief or other appropriate care.

Although the Eighth Amendment prohibits "deliberate indifference to serious medical needs" (*Estelle*, 429 U.S. at 104), a mere disagreement over the proper course of treatment is not an Eighth Amendment violation.  *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).   Dr. Fuentes treated Plaintiff; Plaintiff just disagrees with her diagnosis and course of treatment. There are no allegations suggesting deliberate indifference, and negligence is not actionable under Section 1983 (*Daniels*, 474 U.S. at 328).   Therefore, Count 3 shall be dismissed with prejudice.

## Count 4

Count 4, another Eighth Amendment medical indifference claim, is premised upon Medical Technician Aindall's refusal to permit Plaintiff to see Dr. Fuentes until Plaintiff signed a payment voucher, and Aindall's notation that Plaintiff had refused treatment, as opposed to Plaintiff *being refused* treatment.

 "[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution."  *Poole v. Isaacs,* 703 F.3d 1024, 1027 (7th Cir. 2012).   According to the

complaint, Medical Technician Aindall was prepared to treat Plaintiff, provided he sign a payment voucher; Plaintiff refused because he wanted to be seen by a doctor.   Thus, Court 4 is more akin to a disagreement over the proper course of treatment, which is not actionable under the Eighth Amendment.   *Duckworth*, 532 F.3d at 679.   Count 4 will be dismissed with prejudice.

## Count 5

Count 5 merely lists Defendants Dr. Fuentes, the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc., and describes what each does (Doc. 1, pp. 11-12). Dr. Fuentes is described as a licensed physician who maintains an office at Menard; the IDOC is an agency that maintains and controls security of inmates; and Wexford Health Sources, Inc., provides health care services to IDOC inmates.

Count 5 states no claim at all and will be dismissed with prejudice.

## Count 6

Count 6 presents a state law claim of negligence on the part of Defendants C/O Seavers, Medical Technician Burnett, Lt. John Doe, Medical Technician Aindall and Dr. Fuentes, premised upon the same allegations that underlie Counts 1, 3 and 4.

Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.   *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). While this Court can exercise supplemental jurisdiction over such a state-law claim pursuant to 28 U.S.C. § 1367, that is not the end of the matter.

Under Illinois law, "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art

malpractice," the plaintiff must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILCS § 5/2–622(a) (as amended by P.A. 90–579, effective May 1, 1998).[1]  A separate affidavit and report shall be filed as to each defendant. *See* 735 ILCS § 5/2–622(b).  Plaintiff has not submitted the required affidavits; therefore, his state law claims against Defendants Dr. Fuentes and Medical Technicians Burnett and Aindall[2] fail and will be dismissed without prejudice.  In addition, no federal claims remain against Fuentes and Aindall.

Defendants Seavers and Lt. John Doe do not fall under the reach of 735 ILCS § 5/2–622, so no affidavit and report are required.  Just as Count 1 is proceeding, Count 6 shall proceed against Defendants C/O Seavers and Lt. John Doe.

---

[1] P.A. 94–677, effective August 25, 2005, which amended 735 ILCS § 5/2–622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F.Supp.2d 829, 832 n. 1 (C.D. Ill. 2010).

[2] Staff members in a clinic fall within the scope of the Act if they hold themselves out as a professional qualified to render care.  *See generally Pavlik v. Kornhaber*, 761 N.E.2d 175, 184 (Ill.App. 1st Dist. 2001).

**<u>Pending Motion</u>**

Also before the Court is Plaintiff's motion for service of summons and the complaint at government expense (Doc. 3).  Because Plaintiff was granted leave to proceed as a pauper (Doc. 5), and in accord with 28 U.S.C. § 1915(d), Plaintiff's motion (Doc. 3) shall be granted.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that **COUNTS 2, 3 and 4 and 5** fail to state claims upon which relief can be granted and are **DISMISSED with prejudice**; and **COUNT 6** is **DISMISSED** as to Defendants **BURNETT**, **AINDALL** and **FUENTES**.  **Defendants AINDALL**, **FUENTES**, **ILLINOIS DEPARTMENT OF CORRECTIONS** and **WEXFORD HEALTH SOURCES, INC.,** are thus **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed as to Defendants **SEAVERS**, **BURNETT** and **LT. JOHN DOE**; and **COUNT 6** shall proceed as to Defendants **SEAVERS** and **LT. JOHN DOE**.  The Clerk of Court shall add **LT. JOHN DOE** as a defendant on the docket sheet.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of summons and the complaint at government expense (Doc. 3) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **SEAVERS and BURNETT**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the

full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **DONALD G. WILKERSON** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  November 8, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge