IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-966-NJR-DGW |
| | ) |
| PATRICK SEVERS, | ) |
| CARLA BURNETT, and | ) |
| LT. JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

# ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

      This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 53), recommending that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 40) be granted, and that this matter be dismissed without prejudice for failure to exhaust administrative remedies. The Report and Recommendation was entered on August 7, 2014. Plaintiff filed timely objections on August 15, 2014 (Doc. 60), and Defendants filed a timely response (Doc. 61). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation of Magistrate Judge Wilkerson, and dismisses this case without prejudice.

## BACKGROUND

Plaintiff William Santiago, an inmate in the Illinois Department of Corrections, is currently incarcerated at Menard Correctional Center. He filed this action on September 19, 2013, alleging that he received delayed and inadequate medical care after he fell in the shower at Menard (Doc. 1). The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, and the following claims survived:

> Count 1: Against Defendants Carla Burnett, Patrick Severs, and Lt. John Doe for deliberate indifference to Plaintiff's serious medical needs for leaving him lying on the floor of the shower in pain;
>
> Count 6: Against Defendants Patrick Severs and Lt. John Doe for negligence under Illinois law in their care for Plaintiff.

(Doc. 7).

On June 5, 2014, Defendants Burnett and Severs filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 40). Specifically, they assert that there is one relevant grievance, and Plaintiff failed to exhaust that grievance. Plaintiff filed a timely response in opposition to the motion for summary judgment (Doc. 49). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on August 5, 2014 (Doc. 54). Following the *Pavey* hearing, on August 7, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 53). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

## CONCLUSIONS OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies. The parties agreed that Plaintiff submitted one grievance dated December 15, 2011. Magistrate Judge Wilkerson found credible Plaintiff's assertion that the grievance was submitted as an emergency grievance, and that he did not receive a response from Menard. Plaintiff then sent the grievance to the Administrative Review Board, but it was returned because it was untimely and did not contain signatures from a counselor or a grievance officer.

Magistrate Judge Wilkerson concluded that Plaintiff had exhausted this grievance, but not with respect to Defendants Burnett, Severs, or Lt. John Doe. Magistrate Judge Wilkerson found that the grievance concerned a single issue: the inappropriate medical treatment that Plaintiff received from Dr. Fe. Fuentes after he fell in the shower. While the grievance mentioned Defendants Burnett, Severs, and Lt. John Doe, it was only for the purpose of giving background information and context for Plaintiff's complaint about Dr. Fuentes. The grievance did not contain any indication that Plaintiff was also complaining about his interaction with Defendants Burnett, Severs, or Lt. John Doe. Accordingly, Magistrate Judge Wilkerson recommended granting Defendants Burnett and Severs's motion for summary judgment and *sua sponte* granting summary judgment in favor Lt. John Doe.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b);

SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.* (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). According to Local Rule 73.1(b), a specific objection is one that identifies the portions of the proposed findings, recommendations, or reports to which the objection is made, *and* the basis for the objection. SDIL-LR 73.1(b); *see also* FED. R. CIV. P. 72(b).

Here, as mentioned above, Plaintiff has objected to the Report and Recommendation (Doc. 60). As best the Court can tell, there are four objections. However, three of those do not constitute specific objections to the Report and Recommendation as contemplated by Rule 72(b) or Local Rule 73.1(b).

First, Plaintiff takes issue with the fact that the Court did not rule on his request for an attorney prior to the *Pavey* hearing (Doc. 60, pp. 4–5, 44–57). This is not a specific objection. Furthermore, the Court could not possibly have ruled on Plaintiff's request for an attorney before the *Pavey* hearing because Plaintiff did not file his motion for recruitment of counsel until seventeen days after the hearing (*See* Doc. 58).

Second, Plaintiff discusses his failure to make certain arguments based on Defendants' supplemental disclosures at the *Pavey* hearing (Doc. 60, pp. 7–9). Again, this does not constitute a specific objection. To the extent Plaintiff wished to make an

argument that he omitted at the hearing, that is precisely why he was given the opportunity to file an objection to the Report and Recommendation.

Third, Plaintiff points out that inadequate medical treatment is widespread throughout the Illinois Department of Corrections (Doc. 61). To the extent that is true, it is truly lamentable; however, this does not constitute a specific objection to the Report and Recommendation.

The only argument that can be considered a specific objection is Plaintiff's argument that that prison officials and the ARB do not address all of the complaints that are contained within grievances (Doc. 60).[1] It appears to the Court that the essence of what Plaintiff is saying is that he complained only about Dr. Fuentes in the December 15th grievance because, if he had also complained about Burnett, Severs, and Lt. John Doe, the response would have been selective and would not have addressed each of his complaints. In other words, Plaintiff did not submit a grievance related to Burnett, Severs, and Lt. John Doe's purportedly inadequate or inappropriate responses because he thought doing so would be futile. "It is well-established, however, that futility is no excuse for failing to exhaust." *Edmondson v. McCaughtry*, 157 F. App'x 908, 910 (7th Cir. 2005), *citing Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) *and Thornton v. Snyder*, 428 F.3d 690, 691 (7th Cir. 2005). *See also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536-37 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try. What's the harm in waiting to see how the administrative process

---

[1] Plaintiff also made this argument in his response in opposition to Defendants' motion for summary judgment, and Magistrate Judge Wilkerson addressed it in his Report and Recommendation (*See* Doc. 53, p. 9).

turns out?") (emphasis in original) (internal citations omitted).

The Prison Litigation Reform Act requires all prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Therefore, before filing a lawsuit against Burnett, Severs, and Lt. John Doe for deliberate indifference and medical negligence, Plaintiff had to file a grievance against them for those actions in accordance with the grievance procedures set forth in the Illinois Administrative Code. Plaintiff had to try to follow the grievance procedures regardless of how his other grievances were allegedly mishandled, but he elected not to file a grievance against Burnett, Severs, and Lt. John Doe. Since Plaintiff did not file grievances in the manner, place, and time required by the Illinois Administrative Code, he failed to exhaust his administrative remedies. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Accordingly, the Court concludes that the motion for summary judgment filed by Defendants Burnett and Severs must be granted.

The Court further concludes that even though Lt. John Doe did not move for summary judgment against Plaintiff, he is nevertheless entitled to summary judgment. Under Rule 56(f), a court can grant summary judgment *sua sponte* to a non-movant after giving notice and a reasonable time to respond. FED. R. CIV. P. 56(f)(1). Magistrate Judge Wilkerson's Report and Recommendation put Plaintiff on notice by recommending summary judgment in favor of Lt. John Doe, and Plaintiff was given fourteen days to file a response in opposition to that recommendation. As with Burnett and Severs, Plaintiff failed to even begin the process required to exhaust his administrative remedies with respect to his claims against Lt. John Doe. The Court

finds it would serve no purpose to require Menard to identify Lt. John Doe and to go through the motions of completing service, when it has already been determined that Plaintiff's claims would ultimately be dismissed for failure to exhaust.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 53). Plaintiff's objections to the Report and Recommendation (Doc. 60) are **OVERRULED,** and Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 40) is **GRANTED**. This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

DATED: October 31, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**